United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-50462
Summary Calendar

_____

SAMUEL R. MUSCARELLA,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court for
the Western District of Texas
(USDC No. 5:03-CV-413)

_____

Before REAVLEY, BARKSDALE and GARZA, Circuit Judges.

PER CURIAM:[*]

Appellant Samuel Muscarella complains that the administrative law judge (ALJ)

who heard his disability case did not apply the proper legal standards and that his

decision is not supported by substantial evidence. Muscarella appealed the ALJ's

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

decision to federal district court. The district court judge referred this case to a magistrate judge for a report and recommendation. After a careful and thorough analysis of the law and the administrative record, the magistrate judge recommended that the ALJ's decision be affirmed. The district judge adopted the report and recommendation of the magistrate judge, and entered judgment against Muscarella. We affirm.

In the district court, the only objection Muscarella raised to the report and recommendation of the magistrate judge was that the Commissioner, in its briefing, had engaged in "post hoc rationalization" by discussing medical evidence which was in the record but nevertheless was not specifically discussed by the ALJ in his decision. There is no rule that a party in these circumstances is prohibited from discussing evidence in the record unless that evidence is specifically cited or relied upon by the ALJ in his decision. Moreover, such an objection is irrelevant to whether the magistrate judge's report and recommendation is flawed in any way. In short, this objection was devoid of merit.

Failure of the appellant to object to conclusions of law and findings of fact of the magistrate judge limits our review to plain error review. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). The magistrate judge's report and recommendation advised Muscarella of the consequences of failure to object and cited Douglass. Muscarella does not demonstrate any errors of law or fact that rise to the level of plain error. On the contrary, we agree with the district court that the ALJ's decision is supported by substantial evidence and that the correct legal standards were followed.

2

AFFIRMED.